```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
J&J SPORTS PRODUCTIONS INC.,                               :
                                                           :
                            Plaintiff,                     :
                                                           :   **MEMORANDUM DECISION AND**
              -against-                                    :   **ORDER**
                                                           :
TEQUILITAS 2, INC.,                                        :   18-cv-2131 (BMC)
                                                           :
                            Defendant.                     :
                                                           :
---------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before me on plaintiff's motion for default judgment. Defendant had filed an answer, but its attorney then withdrew. The Court advised defendant that as a corporation, it could only appear by counsel, and that if it did not engage new counsel by a certain date, its answer would be stricken and plaintiff would be granted leave to move for default judgment. New counsel failed to appear, the Clerk entered defendant's default, and plaintiff's motion for a default judgment is unopposed despite service on defendant.

The following facts are taken from the complaint and the affidavit submitted with plaintiff's motion for default judgment. Plaintiff is a distributor of sports and entertainment programming. It had purchased, from the producer, the right to distribute a televised boxing card that included as its main event the fight between Saul Alvarez and Liam Smith for the super welterweight championship. Establishments that contracted with plaintiff to broadcast the event were provided with electronic decoding equipment and satellite coordinates necessary to receive and unscramble the signal. According to the complaint, defendant willfully intercepted or received plaintiff's signal, enabling defendant's patrons to unlawfully view the event although defendant had no sub-license to do so, in violation of 47 U.S.C. §§ 553, 605.

Plaintiff had an investigator in attendance at defendant's bar on the night of the broadcast. The program played on four televisions to approximately 27 patrons.

As an initial matter, "[o]nce default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages." J & J Sports Prods., Inc. v. Bimber, No. 07-CV-590S, 2008 WL 2074083, at *1 (W.D.N.Y. May 14, 2008) (citation omitted). However, "where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment." Id. (citing Fed. R. Civ. P. 55(b)(2)).

Under 47 U.S.C. §§ 605(e)(3)(C)(i)(I) and 553(c)(3)(A), "the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation . . . ." As an alternative to actual damages, however, a party aggrieved under § 605(e)(3)(C)(i)(II) "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just[,]" and a party aggrieved under § 553(c)(3)(A)(ii) "may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."[1]

Plaintiff has elected to seek statutory damages. When the actual damages suffered by the plaintiff and the profits realized by the defendant are not "ascertainable with precision," an award of statutory damages is appropriate. TWC Cable Partners v. Multipurpose Elecs. Int'l, Inc., No. 97-CV-2568, 1997 WL 833471, at *1 (E.D.N.Y. Oct. 6, 1997). Plaintiff's estimate of actual damages is based on what it would have received if defendant had properly licensed the

---

[1] Although these two statutes substantially overlap, statutory damages should not be awarded under both sections; if Section 605 has been violated, its damages provision is the only one that should apply. See Int'l Cablevision, Inc. v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993). Because the event at issue here was transmitted via satellite and defendants willfully intercepted the signal, I find that damages under Section 605 are appropriate.

event.  This element of damages is not "ascertainable with precision"; therefore, an award of statutory damages is appropriate.

Plaintiff has submitted evidence that the licensing fee would have been about $1,800. Plaintiff asks for treble that amount as a deterrent to defendant and other signal pirates, pointing out that if all that a pirating commercial establishment must pay is the amount that it would have paid had it not stolen the signal, there is no incentive for it pay for a license.  The argument is not without merit and has gained some traction in the caselaw.  See, e.g., J&J Sports Productions, Inc. v. Sin Fronteras Restauraunt, No. 09-CV-1873, 2010 WL 1565441 (E.D.N.Y. Feb. 23, 2010).

However, plaintiff has also requested "enhanced" damages under 47 U.S.C. § 605(e)(3)(C)(ii).  That subsection allows the Court to award up to $100,000 per violation. Such damages are available if the pirate's conduct was "willful" and done for "commercial advantage."  Plaintiff seeks $16,200, which is treble the amount that it has already requested as its trebled lost licensing fee (*i.e.*, $1,800 x 3 = $5,400 x 3= $16,200).

My view is that this kind of double trebling is too contrived in most cases, including this one.  These thefts of signal are virtually always willful, as plaintiff notes, see J & J Sports Prods., Inc. v. Hot Shots, Inc., No. CV-09-1884, 2010 WL 3522809, at *3 (E.D.N.Y. Apr. 27, 2010), and as is further indicated here by defendant's default.  Imposing enhanced damages is obviously just as sufficient a deterrent measure as using a multiplier of estimated actual damages.  Here, enhanced damages of $15,000 for what appears to be a small establishment, in addition to statutory damages of $1,800, should be adequate to deter defendant and others from stealing signals in the future.

Plaintiff also seeks an award of pre-judgment interest.  A majority of courts in this Circuit have held that pre-judgment interest should not be imposed when statutory damages have been enhanced under Section 605(e)(3)(C)(ii), as this enhancement serves to punish defendants' willful conduct rather than to compensate plaintiff for a loss.  See, e.g., id. (collecting cases); See also Wickham Contracting Co. v. Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-CIO, 955 F.2d 831, 834 (2d Cir. 1992) ("[P]rejudgment interest should not be awarded if the statutory obligation on which interest is sought is punitive in nature.").  I agree with these courts and accordingly decline to award pre-judgment interest.

Finally, Section 605(e)(3)(B)(iii) mandates that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  Plaintiff has requested leave to submit an application for attorneys' fees and costs, which it may do consistent with Federal Rule of Civil Procedure 54(d).

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above.  The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $16,800.  The judgment will be amended as necessary upon issuance of this Court's order determining the reasonable attorneys' fees and costs if plaintiff so moves and if the Court grants that motion.

**SO ORDERED.**

                                                U.S.D.J.

Dated: Brooklyn, New York
       February 22, 2019